**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| IN RE:<br><br>DEBORAH DENISE DANIEL<br>AKA DEBORAH DENISE HUGHES<br><br>   Debtor<br><br>NATIONSTAR MORTGAGE LLC<br>8950 Cypress Waters Blvd<br>Coppell, TX 75019<br><br>   Movant<br><br>v.<br><br>DEBORAH DENISE DANIEL<br>aka Deborah Denise Hughes<br>6206 Gilchrist Avenue<br>Richmond, VA 23231<br><br>   Respondents | Case No. 14-35318-KLP<br>Chapter 13<br><br>Motion No. |

**CONSENT ORDER MODIFYING AUTOMATIC STAY**

     This matter was before the court on May 6, 2015 on the motion of Nationstar Mortgage LLC, for relief from the automatic stay with respect to the real property located at 6206 Gilchrist Avenue, Richmond, VA 23231 and more particularly described as follows:

     Lot 2, Block O, Section A, Foxboro North, Henrico Cnty, VA in Plat Book 65, page 51

     Upon consideration of which, it is

     **ORDERED:**

     1.    The debtor will resume making regular monthly installment payments in the amount of $773.38 as they become due commencing on May 1, 2015. Late payments will include applicable late charges in the amount of $0.00.

     2.    The debtor will cure the post-petition arrearage currently due to the movant through April 10, 2015 in the amount of $3325.14 which

Mark D. Meyer
VA Bar 74290

Rosenberg &
Associates, LLC
7910 Woodmont Avenue
Suite 750
Bethesda, Maryland 20814
301-907-8000

File Number: 57394

consists of 3 payments of $773.38 for 2/1/15-4/1/2015, attorney fees of $1026.00 and minus a suspense balance of $21.00 within 30 days of entry of this order. The Debtor will be withdrawing the funds from her 401K account.

Make payments payable to:
Nationstar Mortgage LLC
Attn: Payment Processing
PO Box 619094
Dallas, TX. 75261-9741

3. In the event that any payment required by this order is not received by the movant within 15 days after it is due, the movant may mail a notice of default to the debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the debtor.  The notice of default will state in simple and plain language.
   a. That the debtor is in default in making at least one payment required under this order;
   b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
   c. The action necessary to cure the default, including any address to which payments must be mailed;
   d. That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default;

      i. cure the default;
      ii. file an objection with the court stating that no default exists; or
      iii. file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;

   e. That is the debtor or trustee does not take on of the actions set forth in paragraph 3(d), the movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtor; and
   f. That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

Mark D. Meyer
VA Bar 74290

Rosenberg &
Associates, LLC
7910 Woodmont Avenue
Suite 750
Bethesda, Maryland 20814
301-907-8000

File Number: 57394

Page 2

If the debtor or trustee files an objection, the movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5. Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the noteholder or servicing agent to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Should the debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the movant shall be entitled to reasonable attorneys fees in the amount of $75.00 issuance of a notice of default, and an additional $75.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

Richmond, Virginia
__Apr 17 2015_____, 2015

/s/ Keith L. Phillips
United States Bankruptcy Judge
Entered on Docket: Apr 17 2015

MARK D. MEYER
VA BAR 74290

ROSENBERG &
ASSOCIATES, LLC
7910 WOODMONT AVENUE
SUITE 750
BETHESDA, MARYLAND 20814
301-907-8000

FILE NUMBER: 57394

ENDORSEMENTS of

/s/ Mark D. Meyer, Esq.
Mark D. Meyer, Esq.
Counsel for Movant


/s/ Nnika E. White, Esq._____
Nnika E. White, Esq.
Counsel for Debtor

/s/ Suzanne E. Wade, Trustee _____
Suzanne E. Wade, Trustee



    The undersigned certifies that the foregoing Consent Order Modifying Automatic Stay is identical to the form order required by Administrative Order 10-2 and that no modification, addition, or deletion has been made.

                        /s/ Mark D. Meyer, Esq.
                        Mark D. Meyer, Esq.

Local Rule 9022-1 (C) Certification

    The foregoing Order was endorsed by and/or served upon all necessary parties pursuant to Local Rule 9022-1 (C).

                        /s/ Mark D. Meyer, Esq.
                        Mark D. Meyer, Esq

Copy to:
Mark D. Meyer, Esq.
Nnika E. White, Esq.
Suzanne E. Wade

Copy Mailed to:
Deborah Denise Daniel
aka Deborah Denise Hughes

MARK D. MEYER
VA BAR 74290

ROSENBERG &
ASSOCIATES, LLC
7910 WOODMONT AVENUE
SUITE 750
BETHESDA, MARYLAND 20814
301-907-8000

FILE NUMBER: 57394